UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
00-CV-746(JMR/FLN)

| | | |
|---|---|---|
| Richard S. Bond | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Twin City Carpenters and Joiners Pension Fund | ) | |
| | ) | |

This case presents the question of who should pay for the costs of arbitration mandated by a pension plan. The matter is before the Court on cross-motions for summary judgment. The parties agree there are no unresolved questions of material fact and that the matter is ripe for determination.

Plaintiff, Richard S. Bond, a retired carpenter, seeks reimbursement for arbitration expenses he incurred pursuing relief under defendant's pension plan ("the Plan"). Defendant, Twin City Carpenters and Joiners Pension Fund, contends plaintiff may properly be assessed a portion of the costs associated with the mandatory arbitration that is plaintiff's sole and exclusive remedy under the Plan. The Court finds defendant is correct.

Following an adverse determination by defendant on his entitlement to pension benefits, plaintiff appealed the matter to arbitration.[1] Under the Plan, arbitration is a participant's only

[1]The exact nature of this underlying dispute is not relevant to the question now before the Court, and will not be discussed here.

FILED
RICHARD D. SLETTEN, CLERK
AUG 23 2001
JUDGEMENT ENTERED AUG 23 2001
DEPUTY CLERK'S INITIALS ______

recourse; the arbitrator's decision is final and binding on both parties. Plan, at Art. VI (attached to the Affidavit of Pamela Hodges Nissen, Ex. D).

The Plan's terms create a presumption that arbitration costs will be shared, but grants the arbitrator full discretion to distribute the costs. See id. at Section 6.7 ("[F]ees and expenses shall be borne equally, unless the arbitrator, in his award, should assess such expenses against either of the parties."). In this case, plaintiff, prior to the commencement of arbitration, separately negotiated an agreement with the arbitrator that he would receive a 50% reduction in any costs assessed against him.[2]

After a hearing on the questions presented, the arbitrator issued a decision upholding the Plan's determination. Neither side addressed the issue of costs at the hearing, and the arbitrator assessed the costs and fees equally to each side. In accordance with his preexisting agreement with plaintiff, the arbitrator reduced plaintiff's portion by 50%.[3]

Plaintiff subsequently sought to have defendant pay his portion of the costs, contending any requirement that he share in

---

[2]The arbitrator told plaintiff he would not determine the appropriate distribution of costs until after the arbitration concluded, but agreed to reduce any costs assessed against plaintiff. See Affidavit of Peter M. Rosene.

[3]Although it is not clear from the record, it appears the arbitrator absorbed the remaining 25% of his fees, imposing the loss upon himself.

the costs of arbitration is improper under § 503 of the Employee Retirement Income Security Act ("ERISA"), as codified at 29 C.F.R. § 2560.503-1. That section prohibits a Plan from enforcing any claims procedure that "unduly inhibits or hampers the initiation or processing of plan claims." 29 C.F.R. § 2560.503-1(b)(1)(iii). When defendant refused to reimburse plaintiff, he brought this action, alleging a violation of ERISA. Plaintiff's contention that fee sharing is forbidden under ERISA relies on two sources; neither is precedential, but both are properly considered by this Court.

The first source of support offered by plaintiff is a 1982 opinion letter ("the Opinion") issued by the Department of Labor, the agency charged with administering ERISA. The Opinion, addressing the question of mandatory fee-sharing for arbitration expenses, notes:

> [I]t is the Department's position that if the Trust meets all ERISA requirements specified in the regulation referred to above [§ 2560.503-1] while a claimant is at the pre-arbitration stage of the Trust's claims procedure and if the Trust allows, but does not require, arbitration as a prerequisite to the claimant initiating a civil action (thus, giving the claimant an election with regard to arbitration), ERISA's full and fair review standard would not be contravened if the trust documents provide for the equal sharing of the expenses of arbitration by the Trust and the claimant. However, if the Trust does not otherwise provide for full and fair review by means of a claims procedure employed in a pre-arbitration stage or if the Trust intends the arbitration procedure to be compulsory and, therefore, a prerequisite to a claimant initiating a civil action regarding denial of a claim, then a requirement by the Trust that a participant bear an equal share of the expenses along with the Trust contravenes the reasonableness standard set forth in regulation section 2560.503-1(b).

Op. Letter, 1982 WL 21229 (Dep't of Labor Sept. 3, 1982). Although the Opinion is not binding, it is entitled to deference by the Court. See, e.g., Herman v. NationsBank Trust Co., 126 F.3d 1354, 1363 (11th Cir. 1997).

Plaintiff's second proffered source of support is the amended regulation for 29 C.F.R. § 2560.503-1(b), which elaborates on the type of claims procedures prohibited under ERISA: "For example, a provision or practice that requires payment of a fee or costs as a condition to making a claim or to appealing an adverse benefit determination would be considered to unduly inhibit the initiation and processing of claims for benefits . . . ." See 65 Fed. Reg. 70266. The amended regulation took effect January 20, 2001, and applies to all claims filed on or after January 1, 2002. While all parties recognize that the amended regulation does not control plaintiff's claim, the elucidated principle does express the Department of Labor's latest thought regarding the appropriate distribution of fees.

Plaintiff asserts these sources support his contention that he cannot be forced to bear any of the expenses of mandatory arbitration. The Court, however, finds that neither the Opinion nor the amended regulation are apposite to this matter. Initially, the Court cannot agree that the Opinion aids plaintiff's cause. By its terms, the Opinion addresses the specific situation where an ERISA benefits plan requires the employee to pay half the costs of

mandatory arbitration. This is not the situation presented by the terms of the Plan in this case. Although the present Plan creates a presumption that fees will be split equally, such a split is not mandated. Instead, the Plan reposes in the arbitrator complete discretion to determine the appropriate allocation of fees.

Plaintiff, perhaps recognizing he could not rely on the letter of the Opinion, requested that defendant absorb his share of the arbitral cost by appealing to the spirit of the Opinion. As plaintiff's counsel observed in a letter to defendant requesting reimbursement for plaintiff's share of the fees:

> The clear rationale of this opinion letter is that a clause is invalid if it restricts the employee's right to obtain review of plan benefits determinations beyond what the employee's rights would be in a benefits claim brought in court. A clause will be upheld if it parallels what would happen in a court review, but not if the plan mandates a different standard of review or imposes fees beyond these which the participant would have to pay if the determination was challenged in court.

Affidavit of Alan I. Silver, Ex. F, at p.2. While this is an apt summary of the rationale underlying the Opinion, it does not aid plaintiff's position. In a civil action under ERISA, the district court may assess fees and costs against either party. 29 U.S.C. § 1132(g)(1). The appropriate allocation of fees lies in the district court's discretion. Hoover v. Armco, 915 F.2d 355, 357 (8th Cir. 1990).

The discretionary assessment of costs and fees by the arbitrator under the Plan mirrors that entrusted to the district

court under ERISA. The fee provision in the Plan provides plaintiff with the same rights as would be available to him in court. In analyzing a challenge similar to that presented by plaintiff here, the Ninth Circuit found that "[s]uch a cost-bearing provision seems no more burdensome than a court filing fee or than ERISA's statutory provision authorizing a court to award costs and attorney's fees against one party." Graphic Comm. Union v. GCIU-Employer Retirement Benefit Plan, 917 F.2d 1184, 1189 (9th Cir. 1990). Nothing in the letter or the spirit of the Opinion suggests the challenged clause unduly hampers or inhibits plaintiff's right to pursue his claim.

Having found the Opinion does not assist plaintiff in his claim, the Court turns to the amended regulation and makes the same decision. This is because the Court cannot accept plaintiff's claim that the amended regulation merely clarifies existing law. The Department of Labor's commentary to the new regulation makes explicit that it does not apply to pension plans. See 65 Fed. Reg. 70253 ("These restrictions apply, under the regulation, only to group health plans and plans providing disability benefits."); see also id. at 70247 (reserving "for further consideration the question of the appropriateness of extending these reforms to pension plans"). The Plan before the Court is unquestionably a pension plan. Were this Court to find the amended regulation clarifies existing law applicable to all employee benefits plans,

it would contradict the Department of Labor's explicit direction. Plaintiff's reliance on the regulation is unavailing.

Plaintiff has failed to show the challenged Plan provision unduly hampers or inhibits his ability to pursue a claim. Although the Plan creates a presumption of fee-splitting, it reposes full discretion in the arbitrator to determine the appropriate allocation of fees. In that regard, the Plan accords plaintiff the same consideration to which he would be entitled were he to pursue his claim in court, rather than arbitration. The Court finds the challenged provision proper under ERISA.

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Defendant's motion for summary judgment [Docket No. 8] is granted.

2. Plaintiff's motion for summary judgment [Docket No. 12] is denied.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 22nd, 2001

JAMES M. ROSENBAUM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

# Please forward this announcement to the recipient of this fax.

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500